# EXHIBIT A

**COSTELLO & MAINS, LLC**
By: Kevin M. Costello, Esquire
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

|  |  |  |
|---|---|---|
| QUANASIA JACKSON, | : | SUPERIOR COURT OF NEW JERSEY |
|  | : | MERCER COUNTY - LAW DIVISION |
| Plaintiff, | : |  |
|  | : | CIVIL ACTION |
| vs. | : |  |
|  | : |  |
| AMAZON FULFILLMENT SERVICES, | : | DOCKET NO: |
| INC. and JOHN DOES 1-5 AND 6-10, | : |  |
|  | : |  |
| Defendants. | : | **COMPLAINT AND JURY DEMAND** |

Plaintiff, Quanasia Jackson, residing in Ewing, New Jersey, by way of Complaint against the Defendants, says:

### Preliminary Statement

This matter is opened to the Court under the New Jersey Law Against Discrimination ("LAD") alleging disability discrimination and/or discrimination based on perceived disability and/or failure to accommodate.

### Identification of Parties

1. Plaintiff Quanasia Jackson is, at all relevant times herein, a resident of the State of New Jersey and was an employee of the Defendants.

2. Defendant Amazon Fulfillment Services, Inc. ("Amazon") is a corporation with its registered agent address at 100 Princeton South Corporate Center, Ewing, New Jersey 08628, and was, at all relevant times herein, conducting business at 50 New Canton Way, Robbinsville, New Jersey 08691.

1

3. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

### General Allegations

4. Plaintiff began her employment with Defendant on or around June 19, 2017.

5. Defendant employed Plaintiff as a Tier One Picker.

6. At all relevant times herein, Plaintiff performed up to or beyond the legitimate expectations of her employer.

7. On or around December 17, 2017, Plaintiff injured her shoulder while performing her normal job duties.

8. Because the injury occurred at work, Defendant sent Plaintiff to see doctors that were affiliated with Defendant.

9. Said doctors cleared Plaintiff to continue working with her only restriction being that she was not to lift over twenty-five (25) pounds.

10. Plaintiff communicated her work restriction to Defendant, and requested that she be able to continue to work on accommodation.

11. Defendant told Plaintiff they could not accommodate her one restriction because the building was at "max capacity."

12. The site where Plaintiff worked employs approximately three thousand (3,000) individuals.

13. At no point, did Defendant consider temporary job restructuring and/or job reassignment to accommodate Plaintiff despite her request.

14. Instead, Plaintiff was placed on an involuntary leave because of her condition.

15. Throughout her leave, Plaintiff regularly attempted to communicate with agents of Defendant, as well as her Claims Adjuster, Brittney Wade, and her Case Manager, Lisa.

16. Defendant scheduled Plaintiff for doctor's appointments, but never informed Plaintiff of the time or date of the appointments.

17. When Plaintiff attempted to reach out to her Case Manager, she would be ignored.

18. Despite this, Plaintiff underwent physical therapy and her condition gradually improved.

19. By May of 2018, Plaintiff was entirely capable of working, even without restrictions.

20. Plaintiff continued to try to attempt to contact Wade and her Case Manager to update her status but received no response.

21. Plaintiff also contacted ERC, a global Human Resources Department for Defendant on several occasions.

22. She finally was able to speak to someone there named John (last name unknown).

23. John was only able to tell Plaintiff that she was still listed as an active employee.

24. Defendant used an online portal to alert employees of their schedule.

25. Plaintiff regularly checked the online portal to see if she would be placed back on the schedule and receive hours to work.

26. From checking the schedule, Plaintiff was able to learn that she had been scheduled to work on November 11, 2018.

27. Plaintiff was not at any point contacted individually and alerted that she had been placed back on the schedule and she was only able to learn this by checking the online portal.

28. Plaintiff came into work on her scheduled day, November 11, 2018.

3

29. When Plaintiff arrived at the building, her badge did not work and she was unable to enter the building.

30. Plaintiff had to contact Security to get Michelle (last name unknown), and Kelly (last name unknown), to come out and speak with her.

31. Michelle and Kelly told Plaintiff that she would not be permitted to return to work until she was able to obtain a doctor's note medically clearing her.

32. The same day, Plaintiff made an appointment with a separate doctor.

33. Two (2) days later, Plaintiff brought in a doctor's note clearing her to return to work to Melissa (last name unknown), in Defendant's Human Resources Department.

34. Later that day, Plaintiff received an email from Emilia Paciotti terminating her employment.

35. Plaintiff was disabled within the meaning of the LAD.

36. In addition and/or in the alternative, Defendant held perceptions of/or regarding Plaintiff's disability and/or her continued utility as an employee as a result of her disability.

37. Plaintiff request a reasonable accommodation of her disability.

38. Defendant failed to reasonably accommodate Plaintiff's disability.

39. A determinative and/or motivating factor in Defendant's decision to terminate Plaintiff was Plaintiff's disability.

40. In addition and/or in the alternative, a determinative and/or motivating factor in Plaintiff's termination was Defendant's perception of or regarding Plaintiff's disability and/or her continued utility as an employee as a result of her disability.

41. Plaintiff is further a member of a protected class as an individual who advanced her LAD rights and/or made a request for an accommodation as provided under the LAD.

42. Plaintiff was subjected to adverse employment actions, including her termination as a result of engaging in protected activity.

43. Defendant's conduct in failing to engage in the interactive process, failing to reasonably accommodate Plaintiff, and terminating Plaintiff's employment was undertaken by members of upper management and/or willfully ignored by same and was especially egregious, warranting the imposition of punitive damages.

44. As a result of the unlawful conduct outlined above, Plaintiff has been forced to suffer both economic and non-economic harms.

## COUNT I

### Discrimination Based on Disability Under the LAD

45. Plaintiff hereby repeats and realleges paragraphs 1 through 44, as though fully set forth herein.

46. For the reasons set forth above, Plaintiff was subjected to discrimination based on her disability that had an adverse effect on her employment.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT II

### Perception of Disability Under the LAD

47. Plaintiff hereby repeats and realleges paragraphs 1 through 46, as though fully set forth herein.

5

48. For the reasons set forth above, Plaintiff was subjected to adverse employment actions based on Defendant's perceptions of/or regarding Plaintiff's disability and/or Plaintiff's continued utility as an employee as a result of her injury in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT III

### Failure to Accommodate

49. Plaintiff hereby repeats and realleges paragraphs 1 through 48, as though fully set forth herein.

50. For the reasons set forth above, Plaintiff requested reasonable accommodation of her disability.

51. Defendants failed and refused to reasonably accommodate Plaintiff's disability in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT IV

### Retaliation Under the LAD

52. Plaintiff hereby repeats and realleges paragraphs 1 through 51, as though fully set forth herein.

53. Plaintiff engaged in protected activity under the LAD, and she made a request for a reasonable accommodation.

54. As a result of Plaintiff engaging in protected activity, she was terminated by the Defendant, in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT V

### Request for Equitable Relief

55. Plaintiff hereby repeats and realleges paragraphs 1 through 54 as though fully set forth herein.

56. Plaintiff requests the following equitable remedies and relief in this matter.

57. Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

58. Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

59. To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

60. Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

61. Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

62. Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

63. Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

Dated: September 4, 2019

By: **/s/ Kevin M. Costello**
**Kevin M. Costello**

## DEMAND TO PRESERVE EVIDENCE

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

              **COSTELLO & MAINS, LLC**

              By: **/s/ Kevin M. Costello**
                 Kevin M. Costello

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

              **COSTELLO & MAINS, LLC**

              By: **/s/ Kevin M. Costello**
                 Kevin M. Costello

## RULE 4:5-1 CERTIFICATION

1. I am licensed to practice law in New Jersey and am responsible for the captioned matter.

2. I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**

By: **/s/ Kevin M. Costello**
Kevin M. Costello

## DESIGNATION OF TRIAL COUNSEL

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

**COSTELLO & MAINS, LLC**

By: **/s/ Kevin M. Costello**
Kevin M. Costello